UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALPEREN TEZCAN,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.: 26-CV-77 JLS (VET)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Alperen Tezcan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents Kristi Noem's (Secretary of the Department of Homeland Security), Pamela Jo Bondi's (Attorney General), Todd M. Lyon's (Acting Director, Immigration and Customs Enforcement), Jesus Rocha's (Acting Field Office Director, San Diego Field Office), and Christopher LaRose's (Warden of Otay Mesa Detention Center) (collectively, "Respondents") Response to Petition ("Opp'n," ECF No. 10) and Petitioner's Traverse ("Traverse," ECF No. 11). For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus.

/ / /

/ / /

## BACKGROUND

Petitioner, a citizen of Turkey, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since December 2, 2024, when he entered the United States. Pet. at 3. On July 25, 2025, an Immigration Judge granted Petitioner withholding of removal from Turkey on account of persecution he faces in Turkey. *Id.* In September 2025, ICE sought to remove Petitioner to Turkey until they were informed of Petitioner's withholding of removal. *Id.*; ECF 1-2 ("Pet. Decl.") ¶ 5. Petitioner was then sent to Otay Mesa Detention center, where he has been unable to meet with an ICE officer, and has been told "just . . . to wait" until ICE finds a third country for removal. Pet. at 4; Pet. Decl. ¶ 5–7. Petitioner alleges that his detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that ICE's policies violate the Fifth Amendment, Convention Against Torture, and implementing regulations. Pet. at 8–18.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

/ / /

## DISCUSSION

### I. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claims arise from the decision to execute his removal order. Ret. at 2. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to adjudicate or execute a removal order. Rather, Petitioner is challenging his unlawful detention. Pet. at 7–8. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

### II. Merits

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the

government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

/ / /

Here, Petitioner's final order of removal became final on July 25, 2025, and the six-month presumptively reasonable period ended on January 25, 2026. Pet. at 10. At the time Petitioner filed his Petition and Respondents filed their Return, the six-month presumptively reasonable period had not yet passed. *See generally* Docket. Respondents thus argue that the Petition is premature. Ret. at 4. However, since the six-month period has now passed, the Court will not deny the Petition on prematurity grounds. Instead, the Court considers whether Petitioner has met his burden in establishing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The Court finds that Petitioner has satisfied his initial burden. Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future for three reasons. First, Petitioner was granted withholding of removal to Turkey, the only country where he has a claim to citizenship or legal immigration status. Pet. at 11. Second, ICE has made no progress in removing Petitioner to a third country: ICE has never met with him to discuss removal to a third country or directed him to fill out any paperwork, and when Petitioner has asked for updates, the only response he has been given is that ICE is "searching." *Id.* at 12. Yet, ICE has never specified any particular countries it is considering, nor has ICE demonstrated that it is requesting travel documents. *Id.* at 12–13. Petitioner has also never spoken with the consulate of any third country. *Id.* at 12. Third, Petitioner argues that even if ICE identified a third country for removal, he would be entitled to seek fear-based relief from removal, which would require additional, potentially lengthy proceedings. *Id.* at 14.

The Court finds that Petitioner's withholding of removal to Turkey, the only country to which he has ties to prior to entering the United States, and ICE's lack of progress in identifying a third country for removal establish that removal is not reasonably foreseeable. *See Azzo v. Noem*, No. 3:25-CV-03122-RBM-BJW, 2025 WL 3535208, at *3 (S.D. Cal. Dec. 10, 2025) (finding that petitioner satisfied his burden under *Zadvydas* since ICE had not identified a third country for removal); *Gharakhan v. Noem*, No. 25-CV-02879-DMS-

AHG, 2025 WL 3539161, at *2 (S.D. Cal. Dec. 10, 2025) ("Petitioner received minimal communications regarding her detention status: she was not told which countries have been contacted for her potential removal, whether any country had agreed to accept her, or when a third country removal might occur."); *see also Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2. Because Petitioner has shown good reason to believe he will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing. *Zadvydas*, 533 at 701.

Respondents argue that Petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future because ICE is seeking a third country for removal. Ret. at 4–5. Respondents, however, do not point to any evidence that they have selected a third country or taken any action to effectuate removal. *See generally* Ret.; *see also Grishchenko*, 2025 WL 3675070, at *2 ("Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when others have failed."). "With an order prohibiting Petitioner's removal to his country of citizenship . . . and no individualized information showing a significant likelihood of Petitioner's removal to any other country, the Court cannot find that Respondents have met their burden." *Id.* (citing *Zadvydas*, 533 U.S. at 680). The Court therefore concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal. Accordingly, the Court **GRANTS IN PART** the Petition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody. The Parties are **ORDERED** to file a Joint Status Report by February 11, 2026, confirming that Petitioner has been released. As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: January 26, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge